Matter of the Petition of BESSIE B. MOLLINEAUX, for
  the Sale of Real Estate Belonging to GORDON S.
  MOLLINEAUX, an Infant.

(Supreme Court, Kings Special Term, October, 1919.)

Sale of infant's real estate — when national bank may be ap-
  pointed special guardian — when motion to compel purchaser
  to accept title granted — Code Civ. Pro. § 2352.

> A national bank authorized to act in certain specified trust
> capacities is " a suitable person " within the meaning of section
> 2352 of the Code of Civil Procedure to be appointed as special
> guardian in a proceeding for the sale of an infant's real estate.
>
> Where the purchaser at such a sale objects to the title on the
> sole ground that a national bank was appointed as special
> guardian in the proceeding, a motion to compel him to accept
> the title will be granted.

MOTION to compel the purchaser of an infant's real
estate to accept title.

Robert H. Wilson and Fred Ingraham, Jr., for
motion.

J. Arthur Hilton and Charles E. Russell, opposed.

KAPPER, J. The purchaser of an infant's real estate
sold in this proceeding objects to the title and this
motion is made to compel acceptance. The pur-
chaser's sole objection is to the appointment by
the Supreme Court of a national bank as spe-
cial guardian in a proceeding for the sale of
the real estate of an infant, asserting that such
a corporation is not among those qualified under
section 2352 of the Code of Civil Procedure, which
he further asserts is the only authority for
appointing a special guardian in such a proceeding.
Said section is as follows: " Upon an application to
sell, mortgage, release, or lease real property or an

interest in real property of an infant, the court must appoint a suitable person to be the special guardian of the infant with respect to the proceedings, who must thereupon file with the clerk a bond as prescribed in the last section. Any trust company authorized by the laws of this state to act as general guardian of the estate of an infant without giving security may be appointed such special guardian and in such case the court in the order of appointment may dispense with the giving and filing of any such bond.''

It is the contention of the purchaser that if a corporation may be appointed a special guardian, the Code section in question contains a limitation which confines such corporate appointee to a trust company. The purchaser frankly concedes that all the broad powers conferred upon the federal reserve board by recent acts of congress, to authorize national banks to act in certain specified trust capacities, permits the designation of a national bank to act in practically all fiduciary capacities excepting those expressly limited as by the Code section in question. This concession shortens the discussion materially, and it suffices to say that in the case of *First National Bank* v. *Union Trust Co.,* 244 U. S. 416, the United States Supreme Court has rendered futile any controversy over the powers of national banks to act as fiduciaries. That decision goes to the extent of declaring the principle that when congress, in the exercise of its constitutional powers, has clothed national banks with authority to exercise the functions possessed by rival state corporations of a similar character the state is without power to nullify such action by congress by discriminatory legislation in favor of state corporations. The state may reasonably regulate the exercise of the powers so conferred but may not prohibit. Since that decision which was based upon section 11(k) of

the federal act of December 23, 1913, congress by an amendatory act of September 7, 1918 (§ 9794-k), has authorized the federal reserve board to empower national banks to assume other specified trust relationships "or to act in any other fiduciary capacity in which state banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the state in which the national bank is located." That amendment further provided that "Whenever the laws of such state authorize or permit the exercise of any or all of the foregoing powers by state banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of state or local law within the meaning of this act." Hence we see that congress, by appropriate legislation, has vested national banks with power to act in enumerated trust capacities, and under the cited decision of the United States Supreme Court such legislation became the controlling and paramount law superior to any inconsistent state legislation. In my judgment the state no longer has power to prohibit the exercise within its domain of the powers and functions so conferred upon such banks, and no power to accomplish this result indirectly by discrimination in favor of local corporations and against national banks or agencies of a similar character. And any prior state legislation which limited the exercise of specified powers to certain specified state corporations or agencies became inoperative when congress clothed federal corporations and agencies of a rival character with like powers. But I do not think that a legislative intent to discriminate against national banks or agencies or to prohibit their acting in the trust capacities enumerated in the federal

acts referred to can be inferred from the Code, section 2352, *supra*. The federal acts in question were passed in 1913 and 1918, while the amendment to section 2352 of the Code, permitting the appointment of a trust company as special guardian, was passed in 1893. Laws of 1893, chap. 268. It seems plain, therefore, that national banks were not in the legislative mind when the amendment of 1893 was enacted, for at that time such banks had not been vested by congress with power to act in any of the trust capacities enumerated in the subsequent legislation referred to and were, therefore, in no event eligible to appointment to any trust capacity in the state of New York. I am moreover of the opinion that section 2352 of the Code is a limitation only to the extent of dispensing with the security required when a trust company is the appointee, and that that section containing, as is obvious, no express inhibition against the appointment of a nonresident natural person or a foreign or domestic corporation as special guardian, the sole statutory requirement being that the appointee must be a " suitable person," empowers the Supreme Court to appoint a national bank, otherwise duly empowered to act in a fiduciary capacity, as special guardian; for such bank, being so duly qualified, is therefore " a suitable person " within the meaning of the statute. This view is fortified by the concession made by the purchaser here that the national bank, as special guardian, at bar, is empowered to act in all trust capacities so far as concerns the doctrine of *ultra vires* and could not act in the present case because, as claimed, said bank was ineligible for appointment under the Code, as stated at the outset. As above stated this view is held untenable. In my opinion the motion should be granted.

**Motion granted.**